REITZ, Appellant, v. LOTZ, Respondent.

St. Louis Court of Appeals, November 17, 1903.

Vendor and Vendee: COVENANT IN CONTRACT FOR SALE OF LAND. A stipulation in a contract for the sale of land, whereby the grantor "agrees to sign a petition for a dramshop license, whenever it may be required," being a personal one, is not violated by the failure to insert a similar covenant in the deed made in pursuance of the contract.

Appeal from St. Louis Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED.

*Kortjohn & Kortjohn* for appellant.

(1) Under the law governing dramshops and granting dramshop license, this was a material and a valuable condition for defendant to have in her deed, and one which she might have to enforce against defend-

ant, in order to obtain a saloon license. An examination of the statute will show this. R. S. 1899, secs. 2993 and 2997. (2) Where parties construe a contract themselves, the court will follow such construction. St. Louis v. Gaslight Co., 155 Mo. 19; Sedalia Brew. Co. v. Water Works Co., 34 Mo. App. 49; Rose v. Eclipse Carbon. Co., 60 Mo. App. 28, 46 Mo. App. 627.

*Frank A. Hobein* and *Fred Wislizenus* for respondent.

GOODE, J.—Action for damages for breach of a stipulation in a contract for the sale and conveyance by the defendant Lotz to the plaintiff of a lot on the corner of Sidney street and Iowa avenue in the city of St. Louis. The defendant, a Catholic priest whose parish included the lot mentioned, is now dead and the cause proceeds against his administrator. He executed the following agreement:

"St. Louis, Sept. 4, 1901.

"Articles of agreement by and between Rev. Father Lotz, party of the first part, of Francis DeSale's parish, sold to the party of the second part, Mrs. Karolina K. Reitz, the southeast corner of Iowa avenue and Sidney street, said corner fronting 38' in middle of lot on Iowa avenue by a total depth eastwardly of 125' or more on the south line of Sidney, being the property of Francis DeSale's parish, for the sum of one thousand one hundred dollars. And the party of the first part, Rev. Father Lotz, is to furnish a clear warranty deed for said lot No. —, in city block No. 2074, and no tax for this year, 1901.

"Rev. Father Lotz furthermore agrees in this sale to sign petition for dramshop license whenever it may be required, to said Mrs. Karolina Katherine Reitz or her administrator.

"Received from Louis Horman, her agent, one

hundred dollars earnest money on the above sale, and balance to be paid on delivery of warranty deed.

"Should there be any defective clause on said lot, said earnest money to be returned to said Mrs. Karolina K. Reitz, and the expense of said title investigation.

(Seal)                    "REV. P. J. LOTZ.

"This Sept. 4, 1901."

The title to the lot was vested in the archbishop of the diocese, Rev. John J. Kain, who executed a warranty deed of the usual form, conveying the property to the plaintiff; but she rejected that deed because it contained no covenant that Father Lotz, or whoever might be the parish priest, should sign her petition for dramshop license whenever requested. The archbishop refused to insert a covenant of that kind in the deed; whereupon plaintiff repudiated the purchase and began this action to recover one hundred dollars earnest money she had paid on the lot, and money paid for excavating and other work done preparatory to building.

The complaint filed before the justice states that the agreement signed by the defendant provided that the deed which was to be executed pursuant to said agreement, should contain a term binding the grantor to consent to a dramshop being conducted on the premises, as plaintiff's object in buying them was to conduct a dramshop on them.

By comparing that main averment of the complaint with the stipulation in reference to a petition for dramshop license contained in the agreement signed by the defendant, it will be instantly seen that plaintiff failed to establish her cause of action. The agreement contains no term binding Father Lotz to procure a deed containing a covenant that the grantor in the deed would consent to a dramshop being conducted on the premises; but merely a plain clause that Father Lotz himself would sign a petition for license to the plaintiff when asked. The clause of the agreement with reference to

the deed which should be made, simply bound the defendant "to furnish a clear warranty deed for said lot." This proviso was faithfully complied with; for it is not denied that the deed executed and tendered by Archbishop Kain would have passed a good title to the plaintiff. The stipulation in regard to petitioning for dramshop license, was a personal one on the part of the defendant, which could not have been carried appropriately into a covenant in a deed, and would not have gained increased power to bind the defendant if it had been. No breach of contract by the defendant was established; so the plaintiff's cause of action wholly failed and the judgment is affirmed. *Bland, P. J.,* concurs; *Reyburn, J.,* not sitting.·